UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERRY KARWACINSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:06-CV-057 AS |
| ) | |
| INDIANA DEPARTMENT OF ) | |
| TRANSPORTATION, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

On December 19, 2006, Defendant Indiana Department of Transportation (IDOT) filed a motion for judgment on the pleadings.  On January 24, 2007, Plaintiff Jerry Karwacinski (Karwacinski), proceeding *pro se*, filed a response in opposition to that motion.  On January 31, 2007, IDOT filed its reply.  This Court now enters the following report and recommendation.

**I.   PROCEDURE AND FACTS**

Karwacinski, a Polish American, was employed with IDOT for several years.  On September 27, 2004, Karwacinski claims IDOT forced him to resign because of his national origin.  After Karwacinski resigned, IDOT allegedly continued to harass him.  On August 4, 2005, Karwacinski filed a claim of discrimination with the South Bend Human Rights Commission, which subsequently was forwarded to the Equal Employment Opportunity Commission (EEOC).

On January 18, 2006, Karwacinski proceeding *pro se* filed a complaint in this Court alleging that he was terminated because of his national origin and that he was improperly retaliated against all in violation of Title VII.  Defendant IDOT filed an answer on January 31, 2006.  At that time, IDOT was also proceeding *pro se*.  On June 7, 2006, Judge Sharp issued an

order to show cause ordering Karwacinski to indicate why he failed to properly serve IDOT. Karwacinski responded to that order to show cause, and he also submitted several documents.

On November 29, 2006, this Court forward an order and copy of the docket to the Indiana Attorney General (IAG), who then entered their appearance on behalf of IDOT on December 7, 2006. On December 8, 2006, IDOT moved to file an amended answer. On March 2, 2007, this Court granted IDOT leave to file an amended answer, which IDOT subsequently filed on March 5, 2007.

On December 19, 2007, IDOT filed a motion for judgment on the pleadings. On that same day, Judge Sharp fully referred this case to the undersigned. This Court may issue a report and recommendation on this motion pursuant to its referral order and 28 U.S.C. § 636 (b)(1)(B).

## II.   ANALYSIS

### A.   Standard of Review

Under Fed. R. Civ. P. 12(c), a party can move for judgment on the pleadings after the filing of the complaint and answer. Moss v. Martin, 473 F.3d 694, 698 (7th Cir. 2007).[1]  A court will only grant a Fed. R. Civ. P. 12(c) motion when the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved. Id.; Brunt v. Serv. Employees Intern. Union, 284 F.3d 715, 718-19 (7th Cir. 2002). "Such a motion should be granted 'only if it appears beyond doubt that the plaintiff

---

[1] Even though IDOT filed an amended answer on March 5, 2007. Fed. R. Civ. P.15(c)(2) dictates that the answer relates back to IDOT's original answer filed on January 31, 2006, because the claims and defenses asserted arose out of the conduct attempted to be set forth in the original pleading.

2

cannot prove any facts that would support his claim for relief.'"  Thomas v. Guardsmark, Inc., 381 F.3d 701, 704 (7th Cir. 2004).

The pleadings include the complaint, the answer, and any written instruments attached as exhibits.  Fed. R. Civ. P. 7(a); Fed. R. Civ. P. 10(c); Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998).  If a court does not exclude matters outside of the pleadings from its consideration, it should convert the Fed. R. Civ. P. 12(c) motion into a Fed. R. Civ. P. 56 motion for summary judgment.  Fed. R. Civ. P. 12(c); Church v. General Motors Corp., 74 F.3d 795, 798 (7th Cir. 1996).  Information not part of the pleadings is outside the scope of Fed. R. Civ. P. 12(c).  Northern Ind. Gun & Outdoor Shows, Inc., 163 F.3d at 453, n.5.

The most crucial document in considering IDOT's motion for judgment on the pleadings is Karwacinski's complaint that he filed with the EEOC.  This document determines whether Karwacinski's filing fell inside or outside the respective statute of limitations.  However, this document is neither attached to Karwacinski's complaint or IDOT's answer.  Instead, it only appears in a response by Karwacinski to an order to show cause.   Therefore, it is a document that is not technically part of the pleadings.  Ordinarily, this would prevent this Court from considering the document unless this Court first converted IDOT's motion for judgment on the pleadings to a summary judgment motion under Fed. R. Civ. P. 56.  However, there are exceptions to this general rule.  "A court may consider judicially noticed documents without converting a motion . . . into a motion for summary judgment."  Menominee Indian Tribe of Wis. v. Thompson, 161 F.3d 449, 456 (7th Cir. 1998) (citations omitted); United States v. Wood, 925 F.2d 1580, 1581 (7th Cir. 1991).  Judicial notice of documents contained in the public record and

reports of administrative bodies is such an exception and is proper.  Thompson, 161 F.3d at 456; Wood, 925 F.2d at 1582.  Because Karwacinski's EEOC complaint is both a public record and within the report of an administrative agency, this Court will take judicial notice of Karwacinski's it in considering IDOT's motion for judgment on the pleadings.

    B.    IDOT's Motion for Judgment on the Pleadings

Karwacinski makes two claims under Title VII.  First, Karwacinski claims he was improperly terminated, or forced to resign, because of his national origin, and second, Karwacinski claims he was improperly retaliated against in violation of Title VII.  42 U.S.C. § 2000e-5(e) requires a plaintiff to file a claim within 300 days of the alleged conduct.  IDOT claims that Karwacinski failed to timely file both of his Title VII claims.

    1.    Karwacinski's Wrongful Termination Claim

It is undisputed that Karwackinski resigned on September 27, 2004, which is the date he tendered his resignation.  (Plaintiff's Compl. 3).  The 300 day period within which Karwackinski could have filed his charge commenced on that date.  See Hentosh v. Herman M. Finch Univ. of Health Sciences/The Chicago Medical School, 167 F.3d 1170, 1174 (7th Cir. 1999).  As a result, all claims of wrongful termination filed after July 24, 2005, 300 days after Karwackinski's resignation, are time barred.  Karwacinski did not file a claim with the EEOC till August 4, 2004, ten days after the 300 day period expired.  Thus, Karwacinski's claim of improper discharge in violation of Title VII is time-barred.  IDOT is entitled to judgment on the pleadings on this claim.

Karwacinski cites to Reese v. Ice Cream Specialties, Inc., 347 F.3d 1007 (7th Cir. 2003) for the proposition that his wrongful termination claim is not time barred.  The Reese court

merely indicated that there can be discrete separate claims that are not time barred even if there are related prior discrete claims that are time barred. Id. at 1013-14. Specifically, Reese dealt with a situation where each new paycheck the plaintiff received constituted a new act of discrimination. Id. In this case, Karwacinski only alleges that he was wrongfully terminated. He raises no allegations of new acts of discrimination that occurred after his termination. Thus, Reese is unhelpful and inapplicable to Karwacinski's claims.

Finally, Karwacinski makes no allegations of equitable estoppel or equitable tolling. For example, Karwacinski does not allege or argue that IDOT took active steps to prevent him from filing a complaint in time. As a consequence, equitable estoppel is inapplicable. Also, equitable tolling is not applicable because Karwacinski does not allege that he was unable obtain vital information to pursue his claim despite due diligence. Absent any such allegations, this Court has no doubt that Karwacinski is unable to offer evidence to allow his claim for improper termination to continue. IDOT's motion for judgment on the pleadings as to this issue should be **GRANTED**.

        2.    Karwacinski's Retaliation Claim

IDOT argues that Karwacinski's claim for retaliation is time barred and that Karwacinski fails to raise an adequate claim of retaliation. Karwacinski's complaint alleges that he was retaliated against and that IDOT harassed him throughout his unemployment process. These statements are vague, but are sufficient to satisfy the Federal Rules pleading requirements because this Court can discern a retaliation argument. See Marshall v. Knight, 445 F.3d 965, 969 (7th Cir. 2006) (indicating a *pro se* complaint is to be liberally construed); Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001) (indicating court must be able to discern cogent

5

argument from *pro se* complaint).  Unlike Karwacinski's wrongful termination claim, improper retaliation may occur even after Karwacinski's employment with IDOT.  See e.g. Veprinsky v. Fluor Daniel, Inc., 87 F.3d 881, 885 (7th Cir. 1996) (indicting that retaliation under certain circumstances can occur post employment such as essentially being black listed and barred from finding new employment by the old employer).  However, Karwacinski's complaint does not allege any specific dates or facts for his retaliation claims.  As a result, this Court cannot pinpoint specific dates of any retaliatory acts, if they exist, to determine whether Karwacinski's claims are time barred by the 300 day time period.

      IDOT argues in response that Karwacinski fails to present a claim of retaliation.  IDOT contends that Karwacinski's claim that IDOT retaliated against him because IDOT contested his claim for post employment benefits is simply not an act of retaliation.  Furthermore, IDOT argues Karwacinski did not engage in a protected activity and Karwacinski did not suffer an adverse employment action to maintain a retaliation claim.

      In a motion for judgment on the pleadings, this Court must construe all facts and reasonable inferences in a light favorable to the non-moving party.  Kiddy-Brown v. Blagojevich, 408 F.3d 346, 356 (7th Cir. 2005).  Judgment on the pleadings is only proper if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.  Thomas, 381 F.3d at 704.   Karwacinski may be claiming, as IDOT posits, that IDOT retaliated against him because it contested Karwacinski's award of post employment benefits.  However, Karwacinski may be referencing other facts that are not developed that allow his claim to fit within a situation such as  Veprinsky or some other viable claim of retaliation.  The pleadings before this Court are vague.  But after drawing all reasonable inferences in Karwacinski's favor,

there exists a possibility that Karwacinski may be able to develop a factual record that establishes a proper claim of retaliation.  A judgment on the pleadings is only proper if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.  Thomas, 381 F.3d at 704.  Further discovery may reveal that IDOT is entitled to judgment, or it may allow Karwacinski to develop a factual record that establishes a proper claim of retaliation.  However, this Court is not convinced at this time beyond doubt that Karwacinski cannot prove facts to support his claim for relief.

 Because this Court cannot determine whether Karwacinski's retaliation claims are time barred and because Karwacinski may be indicating a valid retaliation claim, IDOT's motion for judgment on the pleadings as to Karwacinski's improper retaliation claim should be **DENIED**.

### III.  CONCLUSION

For the reasons stated, this Court recommends that IDOT's judgment on the pleadings should be **GRANTED IN PART** and **DENIED IN PART** [Doc. No. 14].  IDOT's motion should be **GRANTED** with regards to Karwacinski's wrongful termination claim, but it should be **DENIED** with regards to Karwacinski's retaliation claim.

> **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER**.

**SO ORDERED.**

Dated this 19th Day of March, 2007.

S/ Christopher A. Nuechterlein<br>
Christopher A. Nuechterlein

United States Magistrate Judge