UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JERRY KARWACINSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-CV-57 JVB |
| | ) | |
| INDIANA DEPARTMENT OF TRANSPORTATION – TOLL ROAD DISTRICT, | ) ) ) | |
| | ) | |
| Defendant. | | |

**REPORT AND RECOMMENDATION**

**I.   PROCEDURE**

On August 4, 2005, Plaintiff Jerry Karwacinski (Karwacinski) filed a claim with the South Bend Human Rights Commission, which subsequently was forwarded to the Equal Employment Opportunity Commission (EEOC). The EEOC declined to take action.  On January 23, 2006, Karwacinski, proceeding *pro se,* filed a complaint in this Court alleging discrimination by Defendant Indiana Department of Transportation (IDOT) on the basis of national origin and post-termination retaliation under Title VII.  On December 19, 2006, IDOT filed a motion to dismiss all of Karwacinski's claims.  On April 10, 2007, this Court granted in part IDOT's motion.  The discrimination claim was dismissed, and only Karwacinski's post-termination retaliation claim remained.

On January 22, 2008, IDOT filed a motion for summary judgment as to the retaliation claim.  On March 20, 2008, Karwacinski filed a response in opposition to that motion.  On March 31, 2008, IDOT filed its reply.  On June 12, 2008, this case was referred to the

1

undersigned. This Court may issue the following report and recommendation on this motion pursuant to its referral order and 28 U.S.C. § 636 (b)(1)(B).

## II.   ANALYSIS

### A.   Facts

Karwacinski was employed with IDOT for several years. On September 27, 2004, Karwacinski resigned. After Karwacinski resigned, he filed a claim for unemployment benefits, which IDOT opposed. On October 6, 2004, the Indiana Department of Workforce Development determined Karwacinski was eligible for unemployment benefits because IDOT had not met its burden of proving that it had terminated Karwacinski for just cause. On October 7, 2004, IDOT appealed that decision to an administrative law judge (ALJ). At a hearing on November 23, 2004, IDOT appeared telephonically to contest the earlier decision. On December 21, 2004, the ALJ affirmed Karwacinski's eligibility for unemployment benefits because IDOT was unable to produce any evidence of just cause at the hearing.

Between November 2004 and March 2005, Karwacinski applied for several jobs, including a job at Danotek Motion (Danotek). The application process required a work history and background check. Karwacinski supplied Danotek with the names of his supervisors at IDOT in order to verify his employment. Karwacinski believed, however, that Danotek was unable to verify his employment at IDOT. Subsequently, Danotek did not hire him.

On August 4, 2005, Karwacinski filed a claim with the South Bend Human Rights Commission, which subsequently was forwarded to the Equal Employment Opportunity Commission (EEOC), alleging discrimination by IDOT on the basis of national origin and post-termination retaliation. The issue this Court must resolve is whether IDOT improperly retaliated

against Karwacinski for filing an EEOC complaint.

  B.  <u>Summary Judgment Standard</u>

  Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); <u>Lawson v. CSX Transp., Inc.</u>, 245 F.3d 916, 922 (7th Cir. 2001).  In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the nonmoving party as well to draw all reasonable and justifiable inferences in favor of that party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986); <u>King v. Preferred Technical Group</u>, 166 F.3d 887, 890 (7th Cir. 1999).  To overcome a motion for summary judgment, the nonmoving party cannot rest on the mere allegations or denials contained in its pleadings.  Rather, the nonmoving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. <u>Celotex v. Catrett</u>, 477 U.S. 317, 322-23 (1986);  <u>Robin v. Espo Eng'g Corp.</u>, 200 F.3d 1081, 1088 (7th Cir. 2000).  Where a factual record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (citing <u>Bank of Ariz. v. Cities Services Co.</u>, 391 U.S. 253, 289 (1968)).

  C.  <u>IDOT's Motion for Summary Judgment</u>

  Karwacinski's only remaining claim under Title VII is that IDOT improperly retaliated against him in violation of Title VII.  There are two ways in which a plaintiff may survive a motion for summary judgment on a Title VII claim of retaliation, the direct method and the

3

indirect method.  Scaife v. Cook County, 446 F.3d 735, 739 (7th Cir. 2006).  IDOT contends that Karwacinski does not offer direct evidence of post-termination retaliation, and IDOT argues that he does not establish a *prima facie* case of retaliation.[1]

    1.  Direct Method

  Under the direct method, a plaintiff must show evidence that (1) he engaged in a statutorily protected activity, (2) the defendant subjected him to an adverse employment action, and (3) there is a causal connection between the two events.  Treadwell v. Office of Ill. Sec'y of State, 455 F.3d 778, 781 (7th Cir. 2006); Tomanovich v. City of Indianapolis, 457 F.3d 656, 664 (7th Cir. 2007).  An employee engages in statutorily protected activity when he voices opposition to employment practices that discriminate on the basis of race, sex, national origin, or some other protected class.  Tomanovich, 457 F.3d at 663.  Adverse employment actions can include termination and negative references.  Id., at 664.  Causation is shown when the adverse employment action would not have happened but for the statutorily protected activity.  Moser v. Ind. Dept. of Corrections, 406 F.3d 895, 904 (7th Cir. 2005).

  Karwacinski does not clearly articulate what activity he engaged in is statutorily protected.  However, on August 4, 2005, Karwacinski filed a claim with the EEOC claiming that IDOT discriminated against him on the basis of national origin because he is Polish American.  Under Tomanovich, this activity is statutorily protected.  See 457 F. 3d at 663.  Based on this Court's examination of Karwacinski's filings, it is the only activity Karwacinski engaged in that

---

[1] Under Title VII, a plaintiff has 300 days from the date of the alleged unlawful employment practice to file a charge with the appropriate federal or state agency.  Racicot v. Wal-Mart Stores, Inc., 414 F.3d 675, 677 (7th Cir. 2005).  Consequently, Karwacinski's claim for retaliation is time barred for any acts occurring before October 8, 2004 and this Court will only consider those actions by IDOT occurring on or after that date.

is a legally protected activity.

Karwacinski claims he suffered adverse employment actions. More specifically, Karwacinski argues that IDOT opposed Karwacinski's application for unemployment benefits. Also, between November 2004 and March 2005, Karwacinski believed he did not obtain a job at Danotek because of IDOT's failure to verify his employment, which would constitute an adverse employment action. See Id., at 664.

Assuming Karwacinski suffered these adverse employment actions, he fails to establish that they have a causal connection with his filing of an EEOC complaint. First, a causal connection between his EEOC filing and the alleged employment action is not logically coherent. Karwacinski filed his complaint with the EEOC on August 4, 2005, at least four months after he applied at Danotek between November 2004 and March 2005. Karwacinski's EEOC claim also followed his application for unemployment benefits and IDOT's subsequent appeals, last filed on October 7, 2004, by at least ten months. Thus, it was not possible for IDOT to ignore Danotek or contest Karwacinski's unemployment benefits because of his filing with the EEOC. Or as stated pursuant to Moser, but for Karwacinski's EEOC claim, IDOT still would not have verified his employment or supported his application for unemployment benefits.

Second, and more importantly, Karwacinski offers no evidence to establish a causal connection. The only thing he submits is an affidavit from himself where he believes IDOT opposed his benefits and sabotaged his job with Danotek because they knew he would file a complaint with the EEOC or because they were retaliating against him for some other protected activity. This evidence is speculative. Speculative evidence is insufficient to create a reasonable inference that IDOT opposed his benefits and failed to verify his employment because

5

Karwacinski either engaged or would engage in some type of protected activity.  See Avery v. Mapco Gas Products, 18 F.3d 448, 453 (7th Cir. 1994) (indicating that speculation is not enough to avoid summary judgment).  Simply put, Karwacinski has failed to offer any evidence to create a genuine issue of material fact regarding causation under the direct method.

In summary, Karwacinski's only alleged protected activity is filing an EEOC complaint.  However, he has failed to articulate a logical connection or submit any evidence to create a genuine issue of material fact regarding causation under the direct method.  However, this Court must also determine whether Karwacinski has established a genuine issue of material fact pursuant to the indirect method.

### 2. Indirect Method

"To show retaliation under the indirect method, the plaintiff must establish a *prima facie* case of retaliation by showing that (1) he engaged in statutorily protected activity, (2) he met the employer's legitimate expectations, (3) he suffered an adverse employment action as a result of the protected activity, and (4) he was treated less favorably than other similarly situated employees who did not complain."  Moser, 406 F.3d at 903.  If the plaintiff succeeds in establishing a *prima facie* case of retaliation, the burden of production shifts to the employer to show a non-discriminatory reason for the adverse employment action.  Tomanovich, 457 F.3d at 663.  If the employer succeeds in demonstrating a non-discriminatory reason, the burden shifts back to the plaintiff to show that the reason is pretextual.  Moser, 406 F.3d at 904.

Under the indirect method, Karwacinski fails to create a genuine issue as to whether he can establish a *prima facie* case.  Karwacinski did engage in a statutorily protected activity by filing his EEOC claim, and this Court will assume that he performed his job to IDOT's

legitimate expectations. However, Karwacinski fails to articulate or show that he suffered any adverse employment actions as a result of filing his EEOC claim.  As previously discussed, the only adverse actions he suffered came many months before he filed his EEOC complaint and could not logically have been the result of his filing a claim, and he fails to offer any other evidence of adverse employment actions resulting from his EEOC claim or articulate some other protected activity that caused the adverse employment actions.  Furthermore, Karwacinski does not offer any evidence, even speculative evidence, or indicate that similarly situated employees were treated more favorably.  Thus, Karwacinski fails to establish a *prima facie* case of post-termination discrimination so as to create a genuine issue of material fact under the indirect method.

  Furthermore, even assuming Karwacinski could establish a *prima facie* case, and this Court finds that he cannot, IDOT offered non-discriminatory reasons for its actions.  IDOT indicates that it routinely challenges former employees' applications for unemployment benefits as a matter of common business practice. Also, IDOT indicates that it never received Danotek's request for employment verification.  Thus, Karwacinski must present sufficient evidence to establish a genuine issue as to whether IDOT's reasons is pretextual.

  Again, Karwacinski only offers his affidavit where he indicates he believes IDOT's reasons are pretextual.  As stated before speculative evidence is not sufficient to create a genuine issue of material fact.  See Avery, 18 F.3d at 453.  Karwacinski fails to offer deposition testimony or affidavits from other witnesses, documents, letters, or any other evidence to support his theory that IDOT's proffered reasons are pretextual.  As a result, Karwacinski fails to create a genuine issue of material fact as to whether IDOT's proffered reasons are pretextual and cannot

7

survive summary judgment.

In summary, Karwacinski does not establish or articulate a *prima facie* case, and even if he could, he offers insufficient evidence to establish that IDOT's reasons are pretextual. IDOT's motion for summary judgment should be **GRANTED**.

## III.   CONCLUSION

Karwacinski fails to create a genuine issue of material fact under either the direct or indirect methods that he was improperly retaliated against because of his national origin. Therefore, this Court **RECOMMENDS** that IDOT's motion for summary judgment should be **GRANTED** [Doc. No. 40].

> **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER**.
>
> **SO ORDERED.**

Dated this 25th Day of June, 2008.

> S/ Christopher A. Nuechterlein
> Christopher A. Nuechterlein
> United States Magistrate Judge